UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                      )<br>        Plaintiff,             )<br>                                      ) Case No.: 05-162M<br>        v.                        )<br>                                      )<br>KEVIN YENSEN,          ) DETENTION ORDER<br>                                      )<br>        Defendant.           )<br>_____ ) | |

Offense charged:

    Count 1: Possession with Intent to Distribute Marijuana (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)).

    Count 2: Importation of Marijuana (21 U.S.C. § 952(a) and §§ 960(a)(1) and 960(b)(2)).

Date of Detention Hearing:    April 7, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required.

                FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    The crimes for which defendant is charged carry substantial potential penalties. The amount of marijuana involved has a street value of between $1,200,000 and $1,800,000.

DETENTION ORDER                                                                              15.13
18 U.S.C. § 3142(i)                                                                         Rev. 1/91
PAGE 1

(2)     The defendant's ties to this district are non-existent.  His ties to his community in Canada are very weak.

(3)     There is a presumption that, as the driver of the vehicle importing the marijuana, he was aware of what he was transporting.

(4)     There appear to be no conditions or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of April, 2005.

s/JAMES P. DONOHUE
United States Magistrate Judge